## No. 14,273.

### NEW YORK LIFE INSURANCE COMPANY *v.* MARIANO.
(76 P. [2d] 417)

Decided January 31, 1938. Rehearing denied February 21, 1938.

Mr. HENRY McALLISTER, Mr. JOHN O. RAMES, Mr. A. W. McHENDRIE, Mr. LOUIS H. COOKE, of counsel, for plaintiff in error.

Mr. JOHN N. MABRY, for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE BURKE delivered the opinion of the court.

THESE parties appeared in reverse order in the trial court and are hereinafter referred to as there, or as the company and Mariano respectively.

This action was for double indemnity because of accidental death as provided by the terms of a life insurance policy. On trial to the court plaintiff had judgment. To review that judgment defendant prosecutes this writ. The policy in question was for $1,000 on the life of May Mariano, with plaintiff as beneficiary. It further provided double indemnity for accidental death, except "Double indemnity shall not be payable if the insured's death resulted * * * from the taking of poison or inhaling of gas, whether voluntary or otherwise; * * * or, directly or indirectly, * * * from any bacterial infection other than bacterial infection occurring in consequence of accidental and external bodily injury." It is admitted that insured's death was due to "botulism," contracted through eating home canned beans containing "bacillus botulinus." The company, having paid the face of the policy, denied double indemnity because death was due to "the taking of poison," or "bacterial infection," not

20

"occurring in consequence of accidental and external bodily injury"; and hence specifically excepted. Such is the sole question, presented by the assignments, which requires consideration. Since we think the claim of death from bacterial infection good we limit our comments thereto.

The cause was submitted on a stipulation, plus brief testimony. Three capable experts were examined. They differ on technical conclusions, but not on facts. They seem to agree that botulism is an "intoxication," but are not agreed that it is also an "infection." In the first it is said that the toxin which causes death is produced prior to consumption of the food, in the second after consumption. In other words that the "bug" brings his poison in with him in the first case and in the other he manufactures it after he gets in. The distinction fails to impress us. It is well settled that such terms, used in policies of insurance, are to be given their "popular interpretation" or "commonly accepted meaning." *Equitable Life Assurance Society v. Hemenover,* 100 Colo. 231, 67 P. (2d) 80. We learn from Webster's New International Dictionary that infection is the "process of infecting," and that to infect means "to contaminate with a disease-producing substance, germs, or bacteria." It appears that, technically, the illness produced by bacteria themselves is referred to as infection, while that occasioned by the poison produced by such bacteria is referred to as poisoning. Witthaus & Becker, Medical Jurisprudence (2nd ed.), vol. IV, p. 1100. The same work, page 1101, treats botulism as poison. The Americana defines it as "a form of poisoning." Gould's Dictionary of Medicine defines it as poisoning, and defines infection as "the communication of disease—germs *or* virus by any means, direct or indirect." The same work defines disease as "a condition of the body marked by inharmonious action of one or more of the various organs, owing to abnormal condition or structural change." All this merely reinforces

and confirms the "popular interpretation" or "commonly accepted meaning" of bacterial infection as covering such afflictions as botulism, admittedly caused by the germ known as "bacillus botulinus."

■ Little light is thrown upon the problem by the cases cited. None of them deal with botulism and few have any reference to bacterial infection. Practically all are concerned with the question of what is and what is not death by accident. One, however, is worthy of notice since it involved the identical exception before us, which, it was therein contended, covered food-poisoning. That position was sustained by the court. *New York Life Ins. Co. v. Murrell*, 65 Fed. (2d) 990. The court there was composed of three circuit judges, Bryan, Sibley, and Hutcheson. Judge Bryan wrote the opinion of the court. Judge Sibley concurred, but thought the views expressed too narrow. He said death was due to poison, or was not *solely* due to the food consumed, and in either case was within the exception; while Judge Hutcheson concluded that it was clearly a case of death "either from poison or from bacterial infection," and since both were excepted saw no necessity for further fuss. Perhaps his, after all, was the most logical solution and the one here most applicable.

It is said in plaintiff's amended complaint: "That said deceased on April 21, 1937, ate home canned beans containing bacillus botulinus and then and there *became infected* with said bacillus." This statement is repeated in the stipulation. The company here contends that death from "bacterial infection" is thus admitted. We need not go so far but this use of the expression is a most convincing circumstance supporting the applicability of the rule of "commonly accepted meaning." We doubt not that this death was due to "bacterial infection" as that expression is used in the policy and popularly understood. Hence the exception covers the case and the double indemnity clause is not applicable.

The judgment is reversed and the cause remanded with instructions to enter judgment for the company.

Mr. Justice Hilliard, Mr. Justice Young and Mr. Justice Knous dissent.